Nsimba Vakala v. Garland

BIA
Ruehle, IJ
A206 654 053

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

ERIC NSIMBA VAKALA,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

22-6146
NAC

_____

**FOR PETITIONER:**               Robert F. Graziano, Fairport, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Tatiana G. Pino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Eric Nsimba Vakala, a native and citizen of the Democratic Republic of the Congo ("DRC"), seeks review of a March 2, 2022, decision of the BIA affirming a November 28, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Eric Nsimba Vakala*, No. A206 654 053 (B.I.A. Mar. 2, 2022), *aff'g* No. A206 654 053 (Immig. Ct. Buffalo Nov. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA.[1] *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's

---

[1] The BIA set aside "the issue of whether [Nsimba Vakala] established his identity." Certified Admin. Record at 3. Because it is not clear what the BIA meant by this statement, we have limited our review to inconsistencies that the BIA clearly affirmed.

factual findings, including an adverse credibility determination, "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167

3

(2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

The IJ reasonably relied on Nsimba Vakala's demeanor in making his adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We give "particular deference" to an IJ's demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (quotation marks omitted). And Nsimba Vakala has abandoned any challenge to the demeanor finding by failing to challenge it in his brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Moreover, the record reflects instances where Nsimba Vakala paused or was not responsive. For example, when asked if he was aware that his Canadian asylum application reported that he was unemployed from January 2010 to July 2014, Nsimba Vakala's answers were not responsive—he stated that he was in the United States in 2013 and 2014 so "they" made a mistake, that he was instructed

4

to list five places he worked, and that "for the last year" he was not working because he was in the United States. In addition, the IJ noted a long pause after he asked Nsimba Vakala whether his alleged detention lasted two weeks as reported in his written application, or two months as he testified to. Nsimba Vakala's responses—that he made a mistake when testifying, but then that he spent two weeks in one prison and two months in another prison—did not resolve the inconsistency.

Five inconsistencies that the BIA relied on add substantial support for the adverse credibility determination. First, Nsimba Vakala's testimony was inconsistent with documentary evidence regarding the year he was born. His passport and visa indicate his birth year as 1970, but his voter registration card and school documents list his birth year as 1982. The IJ was not required to accept his explanation that the errors were attributable to a friend who prepared the document on his behalf because the application indicated that no one helped him prepare it. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Further, Nsimba Vakala told

5

Canadian authorities that his family and a different individual helped prepare the application. The agency was not required to credit a letter purportedly from Nsimba Vakala's mother because despite being listed as a hearing witness, her absence at the hearing was unexplained. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according [letters] little weight because the declarants (particularly [the applicant]'s wife) were interested parties and neither was available for cross-examination").

Second, on his Canadian asylum application, Nsimba Vakala stated that he had never applied for a Canadian visa; however, when confronted with contrary evidence at the hearing, he admitted that he had lied on the Canadian asylum application and had previously applied for and been denied a visa.

Third, Nsimba Vakala's U.S. asylum application states that he began working for a government agency in the DRC in 2005, but Canadian authorities noted that Nsimba Vakala said he never worked for the government. Nsimba Vakala then lied, stating that the Canadian authorities must have gotten it wrong; he later admitted that he was afraid to tell Canadian authorities that he worked for the DRC government. Contrary to Nsimba Vakala's position here, the agency may rely on the cumulative effect of even minor or tangential inconsistencies. *See*

6

*Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (quotation marks omitted)). Moreover, the discrepancy about his employment called into question whether he was employed by the DRC in 2012, and thus undercut his testimony about the alleged persecution—specifically his claim that he was employed by the government at the time of his arrest, detention, and torture.

Fourth, Nsimba Vakala's U.S. asylum application reported that he was arrested twice in the DRC, but he testified that he was arrested only once. His explanations that these were different steps and that he was detained in different facilities was not compelling given that his application explicitly stated that he was first arrested by police officers while leaving his office in August 2012, and then was arrested for a second time at the end of September 2012. *See Majidi*, 430 F.3d at 80.

Fifth, Nsimba Vakala's testimony was internally inconsistent as to whether he obtained a passport and visa before or after his detention in the DRC. He has waived review of this finding by not challenging it, *see Debique*, 58 F.4th at 684, and

his response confirming that his arrest occurred after he obtained the visa did not explain the conflicting testimony.

Finally, the IJ also reasonably determined that Nsimba Vakala's corroborating evidence merited minimal weight and failed to rehabilitate his claim. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

The agency reasonably gave little weight to Nsimba Vakala's mother's affidavit because, as noted above, she was not available for cross-examination. *See Likai Gao*, 968 F.3d at 149; *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Nsimba Vakala's country conditions evidence does not support his fear absent credible testimony about past events. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (holding that evidence that some prisoners in China are tortured was not sufficient to "establish[] that someone in [petitioner's] particular alleged circumstances is more likely than not to be tortured"). And the agency acted within its discretion in

8

concluding that the expert testimony did not outweigh the effect of the inconsistencies. *See Y.C.*, 741 F.3d at 332.

Taken together, the demeanor finding, the multiple inconsistencies, and the lack of corroboration to resolve the inconsistencies provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because all three forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court